Case 1:21-cv-00705-PKC Document 17 Filed 05/17/21 Page 1 of 4

GDB LAW
GALLET DREYER & BERKEY, LLP

Plaintiff shall state unambiguously whether he wishes to amend his complaint in response to the May 17 letter. File response by June 1.
SO ORDERED.
Dated: 5/26/2021

P. Kevin Castel
United States District Judge

May 17, 2021

The Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Cutler v. The Corcoran Group, Inc. et al*
Case No. 21-cv-00705-PKC

Dear Judge Castel,

Defendant Toni Martin Associates ("TMA") respectfully submits this letter requesting leave to file a motion to dismiss plaintiff James Cutler's complaint, *Doc. No. 1*, the "Complaint," pursuant to Your Honor's Individual Practices, Rule 3(A)(i). An initial pretrial conference was held on March 29, 2021, but no further conferences have been scheduled. A proposed briefing schedule is set forth below.

**The Basis of TMA's Proposed Motion to Dismiss**

The Complaint generally alleges that TMA posted Cutler's photograph, the "Photograph," on TMA's website. The Complaint contains two counts, (1) "Infringement of Copyright Pursuant to 17 U.S.C. § 101 *et seq.*"; and (2) "Removal and Alteration of Integrity of Copyright Management Information Pursuant to 17 U.S.C. § 1202." Those counts are subject to a three-year statute of limitations, and since the Complaint alleges that the infringement occurred "on or about March 1, 2017," Cutler's January 26, 2021 filing is too late and must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

Alternatively, TMA respectfully requests the Court dismiss Cutler's second count for failure to adequately plead intent. Intent is an essential element of that count, and Cutler's allegations solely reiterate that element "on information and belief." That bare allegation fails to satisfy even the notice pleading standards of Fed. R. Civ. Proc. 8. For much the same reason, TMA requests that the Court dismiss Cutler's demand for profits, because that relief is only available when a copyright plaintiff adequately alleges "willful" infringement. On this score, Cutler's allegations again fall woefully short - Cutler again merely alleges "on information and belief" that TMA's infringement was "willful."

Finally, TMA respectfully requests that the Court dismiss Cutler's demand for statutory damages and attorney's fees. Where, as here, the alleged infringement occurred before the effective date of registration, Cutler is statutorily precluded from collecting either attorney's fees or statutory damages.

GDB LAW GALLET DREYER & BERKEY, LLP

1. <u>Cutler has Filed Past the Statute of Limitations</u>.

The statute of limitations for copyright claims is three years, 17 U.S.C.A. § 507(b), and accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670, 134 S. Ct. 1962, 1969, 188 L. Ed. 2d 979 (2014). Where, as here, a copyrighted photo is allegedly posted on a website, the copyright claims accrue from the date the photo is posted. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 466 (S.D.N.Y., Feb. 21, 2019)("*Minden*").

Cutler alleges the Photograph was posted "on or about March 1, 2017," *Doc. No. 1*, ¶12, more than three years before the filing of this action. Since Cutler has filed this lawsuit past the statute of limitations, the Complaint must be dismissed.[1]

This is especially true where the true party was not even named within the statute of limitations period. Cutler was informed that "Toni Martin Associates" does not actually exist, and yet nonetheless failed to diligently investigate the owner of the TMA website. By his own admission, the copyright claims accured in March 2017, and Cutler has still not named the correct party despite being provided notice. Having failed to exercise diligence to ascertain the correct party, or sufficiently idenfity that party in the Complaint, Cutler cannot rely upon the relation-back doctrine under Fed. R. Civ. Proc. 15 and the Complaint must be dismissed.[2]

2. <u>Cutler's Second Count is Fatally Devoid of Facts Illustrating Intent</u>.

In the second count, Cutler claims that TMA removed the Photograph's copyright information. That count is brought pursuant to 17 U.S.C. § 1202 and requires Cutler allege sufficient facts to illustrate that TMA "without the authority of the copyright owner or the law … intentionally remove[d] or alter[ed] any copyright management information…" Mere recitation of that statutory language, made "on informaiotn and belief," is insufficient to sustain that cause of action. *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018) (*quoting Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory.").

Cutler's sole allegations of intent are

> "Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph

---

[1] In support of TMA's motion to dismiss, TMA will submit evidence that the Photograph was posted on the TMA website on February 8, 2015.

[2] An additional basis for dismissal that TMA may raise is that TMA technichally does not even exist, and Cutler has taken no steps to identify that actual defendant. <u>*King v. Lifestyle Tropical Beach Resort & Spa*</u>, 2009 WL 10689292, at *1 (D. Conn. June 3, 2009) (Dismissing complaint where, among other things, named defendant did not exist and plaintiff took no steps to name the actual defendant).

> before displaying Copyrighted Photograph on PRP's commercial website, www.tonimartinassociates.com. In doing so, Defendants violated 17 U.S.C. § 1202(a)(1) and (b)(1)."

Doc. No. 1, ¶21. Those bare allegations are insufficient.

In *Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 632 (S.D.N.Y., August 31, 2016), this Court dismissed an identical claim with identical allegations. Chevrestt had merely alleged "Upon information and belief, in its article in the Magazine, American intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph." *Id.* at 632. This Court dismissed that cause of action, finding the mere recitation of the statutory language on "information and belief," lacked any factual allegations to support that belief and were legally insufficient. This Court should similarly dismiss Cutler's second count as insufficient as a matter of law.

3. <u>Cutler's Complaint Fails to Sufficiently Allege Willfulness</u>.

Cutler's willfulness allegations are similarly deficient. The sum total of those allegations are,

> "Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff."

*Doc. No. 1*, ¶19.

In *Minden*, this Court struck the plaintiff's demand for profits because that complaint, which contained nearly identical allegations, were insufficient as a matter of law,

> "The only reference to willfulness in the Amended Complaint is as follows: 'Plaintiff is informed and believes and thereon alleges that Defendants committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, or reckless disregard for the same, such that said acts of copyright infringement were, and continue to be willful, intentional and malicious.' Am. Compl. ¶ 19. This, standing alone, is insufficient factual support for the allegation that Buzzfeed's infringement was willful. The Court finds that Minden Pictures has not adequately alleged Defendants' willfulness related to its alleged copyright infringement."

*Minden Pictures*, 390 F. Supp. 3d at 468. As Cutler's complaint fails to allege sufficient facts regarding TMA's "willful" infringement, this Court should similarly dismiss Cutler's demand for profits.

4. Cutler is Not Entitled to Statutory Damages or Attorney's Fees.

Where, as here, the infringement of an unpublished work took place *before* the work was registered, statutory damages and attorney's fees are unavailable. 17 U.S.C. § 412(1). "The text of § 412(1) is unambiguous. If *any* alleged infringement of an unpublished work occurs before registration, statutory damages are unavailable." *Fournier v. Erickson*, 202 F. Supp. 2d 290, 297 (S.D.N.Y., May 30, 2002) (Emphasis in original).

TMA will provide indisputable evidence that the Photograph was first posted on the website in mid-February, 2015, more than four months before Cutler allegedly registed the copyright in June 2015. Because of that fact, Cutler is not entitled to statutory damags or attorney's fees.

**Proposed Briefing Schedule**

For these reasons, TMA respectfully requests leave to file a motion to dismiss, and suggests the following briefing schedule:

| | |
|---|---|
| TMA's Motion to Dismiss | May 28, 2021 |
| Cutler's Opposition | June 11, 2021 |
| TMA's Reply Brief | June 18, 2021 |

Respectfully Submitted,

s/ Kyle G. Kunst

Kyle G. Kunst

cc: Counsel for Plaintiff (via ECF)